█    In the Matter of LUCILLE Boss, Appellant, against JOSEPH J. CAPUTA, as State Rent Administrator, Respondent, and CHARLENE GRENARD, Intervenor-Respondent.— Final order unanimously affirmed, with costs. The State Residential Rent Law (L. 1946, ch. 274, as amd.) prescribes decontrol for additional housing newly created after February 1, 1947. Section 2 (subd. 2, par. [g], cl. [2]) of the State Residential Rent Law, as it read at the time of the order herein, provided that housing accommodations which are subject to controls shall not include: "additional housing accommodations created by conversion on or after February first, nineteen hundred forty-seven; provided, however, that any housing accommodations created as a result of any conversion of housing accommodations on or after May first, nineteen hundred fifty, shall continue to be subject to rent control as provided for herein unless the commission issues an order decontrolling them which it shall do if there has been a structural change involving substantial alterations or remodeling and such change has resulted in additional housing accommodations consisting of self-contained family units as defined by regulations issued by the commission". (L. 1957, ch. 755.) A fair reading of the statute evinces the legislative purpose to condition decontrol upon the creation of additional housing. So reads the statute and we so hold. Tested by this standard, the appellant created no additional housing by reason of the alterations described in the basement and parlor floor of the premises here involved, and the respondent properly refused decontrol thereof. (Accord, *Matter of Butts* v. *McGoldrick*, 15 Misc 2d 1004; contra, *Matter of 319 W. 108th St. Realty Corp.* v. *McGoldrick*, 19 Misc 2d 678; *Matter of Schuh* v. *Abrams*, 19 Misc 2d 668.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.